## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **LAND CONSERVANCY OF ELKINS PARK, INC.,** | : | |
| | : | |
| Debtor. | : | **Bky. No. 10-19522 ELF** |
| | : | |

# O R D E R

**AND NOW**, upon consideration of the Debtor's Motion to Approve Disclosure

Statement ("the Debtor's Motion")  (Doc. # 245), The Dominican Congregation of St. Catherine

DeRicci's Motion to Approve Disclosure Statement, Approve the Plan Voting Materials and

Voting Procedures and Establish Dates and Deadlines ("the Congregation's Motion") (Doc. #

241), the objections thereto, and after a hearing held on **November 16, 2011,**

It is hereby **ORDERED** that:

1. The **November 16, 2011** hearing shall be treated as a preliminary hearing and a final hearing

   on the Debtor' Motion and the Congregation's Motion shall be held on **December 7, 2011, at**

   **11:00 a.m., in Bankruptcy Courtroom No. 1, 900 Market Street, Philadelphia, PA.**

2. All amended disclosure statements and plans shall be filed and served on the parties

   appearing at the November 16, 2011 hearing **on or before November 30, 2011.**[1]

---

[1]     The Congregation contends that the Debtor's proposed plan is so fatally flawed that the Debtor's
proposed disclosure statement should not be approved.  The Congregation argues that the separate
classification of its unsecured deficiency claim from the other unsecured claims "is a transparent attempt
to gerrymander the classes and prevent the Congregation from controlling the unsecured creditor class
(Class 3a)."  (Congregation Objection ¶27 (citing John Hancock Mut. Life Ins. Co. v. Route 37 Business

(continued...)

-1-

(...continued)

Park Associates, 987 F.2d 154 (3d Cir. 1993)and In re Curtis Center Ltd. Partnership, 195 B.R. 631 (Bankr. E.D. Pa. 1996)).

"Section 1122 of the Code provides that claims that are not 'substantially similar' may not be placed in the same class; it does not expressly prohibit placing 'substantially similar' claims in separate classes." In re Coram Healthcare Corp., 315 B.R. 321, 348 (Bankr. D. Del. 2004). However, claims cannot be separately classified if doing so would be "unreasonable." Id. at 349. Thus, it is impermissible to create a separate class of creditors solely to create an impaired class so that the proponent can satisfy the confirmation requirement of 11 U.S.C. §1129(a)(10). John Hancock, 987 F.2d at 159. Consequently, "[s]imilar claims are generally placed in the same class" and "[t]he similarity of claims is not judged by comparing creditor claims inter se . . . but [r]ather, the question is whether the claims in a class have the same or similar legal status in relation to the assets of the debtor." In re Frascella Enterprises, Inc., 360 B.R. 435, 442-43 (Bankr. E.D. Pa. 2007); accord Coram Healthcare, 315 B.R. at 349 (proper classification analysis centers upon legal attributes of claims and not upon status or circumstances of claimant). For this reason, "[u]nsecured claims, whether trade, tort, unsecured notes, or deficiency claims of secured creditors, are generally included in a single class." Frascella Enterprises, 360 B.R. at 443.

At the disclosure statement stage and on the present record, I am unprepared to conclude that the Debtor has no justification for giving the general unsecured creditors a "separate voice," John Hancock, 987 F.2d at 159, in the confirmation process.

While the Debtor's plan does not address the issue directly, it appears that most of the general unsecured creditors are individuals who paid a pre-petition deposit to the Debtor and later canceled their contracts (a group that has been referred to colloquially in court as "the Brides"). Thus, the Brides hold claims that are at least partially entitled to priority under 11 U.S.C. §507(a)(7). Some of the Brides who filed claims asserted this priority status; some did not. By proposing to pay the Brides' claims in full, the Debtor's proposed plan implicitly accords priority status to the entire class of claims of the Brides, even though some of the claimants did not assert priority status and those claimants that did assert priority status hold claims that exceed the dollar limit of the statutory priority. Thus, the Debtor's proposed plan separately classifies the Brides claims, at least in part, because the Debtor proposes to discriminate in favor of the Brides' claims, as compared to the treatment accorded the unsecured deficiency claim, if any, held by the Congregation.

I will deny the Congregation the relief it seeks (denial of the Debtor's Motion due to the patent unconfirmability of the plan) because, at the disclosure statement stage, I cannot rule out the possibility that the more favorable treatment of the Brides' claims is critical to the reorganization (if, for no other reason, due to the potential bad publicity the Debtor might otherwise receive) and does not constitute unfair discrimination under 11 U.S.C. §1129(b) and the case law thereunder. The proposed treatment of the general unsecured creditors in this case may be akin to that found in reported cases in which trade creditors have been separately classified and treated more favorably because such treatment is essential to the reorganized debtor's ongoing business and, while I do not decide the issue at this time, I note that there is some legal authority supporting such discriminatory treatment. See Coram Healthcare, 315 B.R.

(continued...)

**Date:**  November 18, 2011

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

(...continued)

at 349; see also In re Unbreakable Nation Co., 437 B.R. 189, 200-01 (Bankr. E.D. Pa. 2010).   Whether the distinct nature of the Brides' claims justifies separate classification and treatment is an issue best resolved in the context of confirmation, not disclosure.  By this decision, I am, in effect, simply "kicking the can down the road" to confirmation (assuming the Debtor overcomes the other disclosure inadequacies that were discussed at the last hearing).

Further, the Debtor and the Congregation have been locked in litigation throughout this case and, notwithstanding the settlement approved earlier, numerous litigation issues remain unresolved following the Debtor's inability to fund the settlement agreement according to its terms.  At least one court has held that the existence of litigation can be "a good business reason" for separate classification.  In re Draiman, 450 B.R. 777, 792 (Bankr. N.D. Ill. 2011).

Thus, this decision should not be interpreted to mean that the discriminatory treatment issue arising from the Debtor's proposed plan has been resolved in the Debtor's favor.  This remains a substantial confirmation issue.  Also lurking in this case  is an issue regarding the absolute priority rule.  While these issues ultimately may preclude confirmation of the Debtor's plan, it is not sufficiently clear, presently, that the Debtor's plan is so patently unconfirmable that I should exercise my discretion to deny the Debtor the opportunity to proceed further in the confirmation process.

Finally, so that no party is lulled into complacency, significant issues remain regarding the adequacy of the disclosure statements (e.g., with respect to the Debtor's plan and disclosure statement, whether adequate disclosure has been made as to plan feasibility).  These  issues will be addressed at the next hearing after the parties have filed their amended documents.